

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 3:23-CR-21-CWR-FKB

CHRISTI WEBB   18 U.S.C. § 666(a)(1)(A)

**THE UNITED STATES CHARGES:**

### General Allegations

At all times material to this Information, unless otherwise specified:

### Relevant Background

1. The Mississippi Department of Human Services (MDHS) was a Mississippi state entity responsible for, among other things, overseeing the distribution of federal funds from the Temporary Assistance to Needy Families program (TANF), The Emergency Food Assistance Program (TEFAP), and other federal programs. MDHS received in excess of $10,000 a year in federal benefits during each relevant calendar year.

2. TANF was a federal safety-net program of the United States Department of Health and Human Services that provided federal funds to states and territories to provide assistance to low-income families with children.

3. TEFAP was a federal safety-net program of the United States Department of Agriculture that helped supplement the diets of low-income individuals by providing them with emergency food assistance at no cost.

4. Recipients of TANF and TEFAP funds were required to follow certain regulations and reporting requirements to ensure the funds were used in alignment with the goals of the TANF and TEFAP programs.

### Relevant Entities

5. The Family Resource Center of North Mississippi Inc. (FRC) was a non-profit organization registered in Mississippi on or about May 22, 1998. MDHS sub-granted federal funds, including TANF and TEFAP funds, to FRC in excess of $10,000 during each calendar year from at least 2016 to at least 2019.

6. Organization 1 was a non-profit organization registered in Mississippi on or about June 22, 1992.

7. Company 1 was a Limited Liability Company registered in Wyoming on or about June 25, 2018.

8. Company 2 was a Limited Liability Company registered in Mississippi on or about May 11, 2017.

### Defendant and Relevant Individuals

9. Defendant **CHRISTI WEBB** was the executive director of FRC. As the executive director of FRC, **WEBB** was an agent of FRC.

10. John Davis (Davis) was appointed as the executive director of MDHS and served in that capacity from on or about February 1, 2016, until on or about July 31, 2019. As the executive director of MDHS, Davis was an agent of MDHS.

11. Person 1 was the executive director of Organization 1.

12. Person 2 owned 99 percent of Company 1 and was the sole owner of Company 2.

### Overview of the Scheme

13. After federal funds, including TANF and TEFAP funds, were issued to MDHS for distribution to needy families and low-income individuals, Davis, and at times others, directed MDHS to subgrant these funds to FRC and Organization 1 under the false pretense that both FRC and Organization 1 would use the federal funds solely to fulfill the goals and mandates of

the federal programs from which the funds originated and consistent with the programs' rules and regulations.

14. Davis, and at times others, directed **WEBB** for FRC and Person 1 for Organization 1 to award sham contracts purportedly for the delivery of social services to various individuals and entities, including directing **WEBB,** through FRC, to award sham contracts to Company 1 and Company 2. Davis, and at times others, personally selected the recipients of these sham contracts knowing that those individuals and entities were not qualified to provide social services and/or would not provide them.

15. As a result, **WEBB,** through FRC, intentionally misapplied federal funds to various individuals and entities for social services that were not provided, including providing federal funds to Person 2 through Company 1 and Company 2.

16. As a result of the actions of **WEBB,** Davis, Person 1, Person 2, and others, millions of dollars in federal safety-net funds were diverted from needy families and low-income individuals in Mississippi from at least 2016 to at least 2019.

## COUNT 1
**(Theft Concerning Programs Receiving Federal Funds – 18 U.S.C. §§ 666(a)(1)(A) and 2)**

17. Paragraphs 1 through 16 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

18. From in or around June 2018 through in or around August 2018, the defendant, **CHRISTI WEBB**, being an agent of FRC, a non-profit organization that received federal benefits in excess of $10,000 during calendar year 2018, did knowingly, and together with and aided and abetted by Davis, Person 1, Person 2, and others known and unknown, in Hinds County in the Northern Division of the Southern District of Mississippi and elsewhere, embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of

3

any person other than the rightful owner, and intentionally misapply, as a part of the scheme described in Paragraphs 13 to 16 of this Information, property that was valued at $5,000 or more that was owned by, under the care, custody, and control of FRC, that is: misapplying $700,000 in TANF funds that FRC received from MDHS to Company 1 and $497,987 in TEFAP funds that FRC received from MDHS to Company 2.

All in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to Fed. R. Crim. P. 32.2(a), **CHRISTI WEBB** is hereby notified that upon pleading guilty to the sole count of the Information, she shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or persona, constituting, or derived from, any proceeds **CHRISTI WEBB** obtained, directly or indirectly, as the result of such violation.

The property subject to forfeiture includes United State currency in the form of a money judgment representing the proceeds **CHRISTI WEBB** received in the course of the violations charged in this Information.

If any of the directly traceable forfeitable property, as a result of any act or omission of the defendant:

  a. Cannot be located upon the exercise of due diligence;
  b. Has been transferred to, or deposited with, a third party;
  c. Has been placed beyond the jurisdiction of the Court;
  d. Has been substantially diminished in value; or
  e. Has been commingled with other property which cannot be divided without difficulty;

Then it is the intent of the United States, pursuant to 18 U.S.C. § 853(p), and as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of **CHRISTI WEBB** up to the

4

amount of proceeds **CHRISTI WEBB** received in the course of the violations charged in this Information.

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

*/s/ Darren J. LaMarca*
DARREN J. LAMARCA
United States Attorney
Southern District of Mississippi

*/s/ Glenn S. Leon*
GLENN S. LEON
Chief, Fraud Section
Department of Justice

*/s/ Brent S. Wible*
BRENT S. WIBLE
Chief, Money Laundering and Asset Recovery Section
Department of Justice